IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| IVIS W. JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-4516 |
| | § | |
| CITY OF HOUSTON | § | |
| | § | |
| Defendant | § | |

**OPINION AND ORDER**

Before the Court, with the consent of the parties, is the "Motion to Dismiss Under Rule 12(b)(6) Or, Alternatively, For A More Definite Statement Under FRCP 12(e)" of the Defendant City of Houston. (Docket Entry ("Doc.") Nos. 6, 22). The Plaintiff filed a Response to Defendant's Motion (Doc. Nos. 16, 23), and the City filed a Reply. (Doc. No. 24). Having carefully considered the respective parties' submissions and the applicable law, the Court, for the reasons set forth below, denies the Defendant's Motion to Dismiss.

**I. Background**

Plaintiff Ivis W. Johnson (hereinafter "Johnson"), acting *pro se*,[1] brought this action alleging numerous claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000h-6 against the Defendant City of Houston Fire Department (hereinafter "the City"). Johnson, an African American, has been employed by the City of Houston Fire Department for an unspecified time period. (*See* Doc. No. 1 at 2, ¶¶ 5-6). Johnson broadly complains that on April 11, 2007, the City discriminated against him based on race and age, subjected him to harassment, retaliation and a

---

[1] Plaintiff retained counsel several weeks after the suit was filed. (Doc. No. 16)

hostile work environment, and violated the Whistle Blower Act. (*Id*. at 1, ¶¶ 4-5, 7).  In addition, without providing any specific details of the job for which he applied, Johnson asserts that the City failed to promote him and that "all key positions in the company, supervisory or managerial, are held by mostly white males [sic] nationals who are employees City of Houston, Fire Department."  (*Id*. at 2).  Johnson also alleges that the City failed to pay him overtime, sick and vacation pay. (*Id*. at 1).

On May 21, 2007, Johnson alleges he filed charges with the Equal Employment Opportunity Commission ("EEOC") or with the Department of Justice Human Rights Commission regarding the City's alleged discriminatory conduct.  Johnson received a Notice of Right to Sue Letter from the EEOC on September 28, 2007 (Doc. No. 1, ¶8; Attachment), and later filed this suit on December 26, 2007.  (Doc. No. 1).

**II. Discussion**

*A. Title VII & Exhaustion of Administrative Remedies*

In its Motion to Dismiss, the City argues that Johnson has not exhausted his administrative remedies and the case must be dismissed because Johnson has not obtained a right-to-sue letter from the Attorney General, as required by statute when seeking relief under Title VII against a political subdivision.  *See* 42 U.S.C. § 2000e-5(f)(1).

Title VII requires that when a political subdivision is the respondent, a notice of right to sue letter must be issued by the Attorney General of the United States, not by the EEOC.  42 U.S.C. § 2000e-5(f)(1); *Hendrix v. Memorial Hosp. of Galveston County*, 776 F.2d 1255, 1256-57 (5th Cir. 1985); *accord Hiller v. Oklahoma ex rel., Used Motor Vehicle & Parts Comm'n*, 327 F.3d 1247, 1249 (10th Cir. 2003); *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983); *see generally*, *Garrett v. City of Houston*, 102 Fed.Appx. 863, 864 (5th Cir. 2004) (unpublished) (reiterating that 42 U.S.C. § 2000e-5(f)(1) requires right-to-sue letter be issued by the Attorney

General).  However, exhaustion of administrative remedies is not a jurisdictional prerequisite under Title VII.  *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215, 1218 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *see also, Townsend v. Oklahoma ex rel. Okla. Military Dep't*, 760 F.Supp. 884, 886 (W.D. Okla. 1991) (recognizing that although not jurisdictional, "obtaining a right-to-sue letter form the attorney general is a statutory condition precedent to pursuing a Title VII claim against a governmental agency.").  Furthermore, like other Title VII requirements, it is subject to the doctrines of waiver, estoppel, and equitable tolling.  *Pinkard*, 678 F.2d at 1218-19; *see also Solomon v. Hardison*, 746 F.2d 699, 701 (11th Cir. 1984);  *Fouche*, 713 F.2d at 1524-26.

In the present case, there is no dispute that Johnson received a right to sue letter, not from the Attorney General, but from the EEOC instructing him that he must file a suit within 90 days from receiving the letter. (Doc. No. 1, Attachment; Doc. No. 23, Ex. 1).  Nevertheless, this is certainly not a case where Johnson failed to make an effort to obtain a notice from the Attorney General.  In fact, it is quite the contrary.  After requesting a notice from the Attorney General, Johnson's attorney received the following letter from the United States Department of Justice which reads as follows:

> This is in response to your correspondence dated March 14, and 24, 2008.  In your correspondence you request, on behalf of the charging party, Mr. Johnson, that the Department of Justice issue a notice of right-to-sue on this matter.
>
> A document enclosed with your correspondence of March 24 indicates that the Equal Employment Opportunity Commission (EEOC) issued a notice of right-to-sue on this charge on September 28, 2007, when it dismissed the charge, Charge No. 460-2007-03932, on the cited ground that, based upon its investigation, the EEOC was unable to conclude that the information obtained established a violation of the statutes. One of the statutes alleged to have been violated by Mr. Johnson in this charge was Title VII of the Civil Rights Act of 1964, as amended.
>
> Although we earlier issued notices of right-to-sue in such circumstances, we have concluded that it is inappropriate to do so.

> By regulation promulgated in 1980, the EEOC undertook to follow Shea v. City of St. Paul, 601 F.2d 345 (8th Cir. 1979) and issue notices of right to sue along with dismissals of charges against governmental entities. See 45 FR 48614m 73035 and 29 C.F.R. Section 1601.28(d).
>
> The notice of right to sue issued by the EEOC, when it dismissed this charge on August 30, 2007, was properly issued in accordance with the above-referenced regulation. It is our position that, in light of the regulation, it wold be improper for the Department of Justice to issue a notice-or-right-to sue on this charge and we decline to do so.

(Doc. No. 18). It is apparent to the Court that, although Johnson has diligently attempted to obtain the required notice, the Attorney General, as Defendant concedes (Doc. No. 22), has refused to issue it. To dismiss Johnson's Title VII action for failure to receive the proper notice when he is unable to obtain it would obviously be unfair to Johnson. Thus, the Court concludes that the right-to-sue notice from the Attorney General is waived. *See Hiller*, 327 F.3d at 1252 (reinstating based on equitable considerations); *Solomon*, 746 F.2d at 701-702 (finding waiver of notice requirement where Attorney General refused to issue one); *Fouche*, 713 F.2d at 1526 (same); *see generally*, *Morimoto v. Univ. of North Texas System*, 2006 WL 722126, *2 (E.D. Tex. 2006) (unpublished) (case dismissed for failing to exhaust his administrative remedies, but, in dicta, the Court noted that "[h]ad Plaintiff made an effort to obtain a right-to-sue letter and been denied, the Court might find waiver to be appropriate."). The Court, hereby, **DENIES** Defendant's Motion to Dismiss Johnson's complaint for failure to exhaust his administrative remedies. *See Stapper v. Texas Dept. of Human Resources*, 470 F.Supp. 242, 244-46 (W.D. Tex. 1979) (dismissal of suit not necessarily warranted where plaintiff requested a right to sue letter from both EEOC and the Attorney General and none was forthcoming within a reasonable time).

### B. *Failure to State a Claim or, Alternatively, Request for More Definite Statement*

The City also argues in its Motion that Johnson fails to sufficiently state a claim under Title VII because his pleadings lack specificity and, on this basis, seeks dismissal or, alternatively, requests Plaintiff provide a more definite statement. (Doc. No. 6). In Response, Plaintiff's counsel explains that Johnson filed this case *pro se*, he is not an attorney, and "agrees that the complaint filed pro se [sic] must be amended and revised. (Doc. No. 16 at 1). Under the circumstances, Plaintiff will be allowed to file a more definite statement or amend his complaint as expressed in his response.

## CONCLUSION

Accordingly, for the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. Nos. 6, 22) is **DENIED**.

It is further **ORDERED** that Plaintiff **SHALL** file either a more definite statement or an amended complaint on or before **July 17, 2008**.

**DONE** at Galveston, Texas, this ___30th___ day of June, 2008.

John R. Froeschner
United States Magistrate Judge